1  David A. Kettel, Esq. (State Bar No. 125745)
   dkettel@tocounsel.com
2  Amy E. Burke, Esq. (State Bar No. 276699)
   aburke@tocounsel.com
3  THEODORA ORINGHER PC
   1840 Century Park East, Suite 500
4  Los Angeles, California  90067-2120
   Telephone: (310) 557-2009
5  Facsimile: (310) 551-0283

6  Attorneys for Danica Aromatics, Inc.

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10

11 | Danica Aromatics, Inc., a California    | Case No.
     corporation,
12 |                                          | **COMPLAINT FOR**
            Plaintiff,
13 |                                          | **1. TRADEMARK INFRINGEMENT**
            vs.                                 **(15 U.S.C. § 1114)**
14 |
     Philosophy, Inc., an Arizona corporation, | **2. TRADEMARK INFRINGEMENT**
15 |                                          |    **(15 U.S.C. § 1125(a))**
            Defendant.
16 |                                          | **3. UNFAIR COMPETITION (CAL.**
                                                 **BUS. PROF. CODE § 17200 *et seq.*)**
17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Danica Aromatics, Inc. hereby alleges as follows:

**PARTIES**

1.      Plaintiff Danica Aromatics, Inc. ("Plaintiff") is a California corporation with its principal place of business in Santa Monica, California.  Plaintiff produces, markets, and sells fragrance products under the I AM brand, and owns an incontestable federal trademark registration for the mark I AM for use with perfumes.

2.      Defendant Philosophy, Inc. ("Defendant") is an Arizona corporation doing business in California.

**JURISDICTION AND VENUE**

3.      This action arises under the Lanham Act, 15 U.S.C. § 1114, and the California Business & Professions Code § 17200 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.  This Court has personal jurisdiction over Defendant because Defendant conducts business in this District and has focused its unlawful conduct on this District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5.      Plaintiff produces, markets, and sells fragrance products under the brand I AM, including perfume and lotion products ("Plaintiff's Products").  Plaintiff owns federal trademark Registration Number 2045626 for the word mark I AM (the "I AM Mark") in International Class 3 for use with perfumes ("Plaintiff's Registration").  Plaintiff's Registration is incontestable.  Plaintiff has used the I AM Mark continuously in commerce since at least as early as September 11, 1995.

6.      For two decades, Plaintiff and its predecessor have established the well-known, distinctive I AM brand.  Images of samples of Plaintiff's Products are below.

  

  

7.  Plaintiff's Products are sold through various online retail outlets as well as brick-and-mortar spas and beauty stores throughout the United States.  Plaintiff's Products are marketed through online, social networking, and print media.

8.  From 2007 to 2011, Plaintiff worked closely with Mr. Greg Coverstone, who was with Cosmetix West at the time.  Mr. Coverstone was closely involved with the production and manufacture of Plaintiff's Products for nearly five years.

9.  In August 2015, Plaintiff became aware of Defendant's new I AM fragrance line (the "Infringing Products").  Defendant uses a mark identical to the I AM Mark with perfumes that are sold in the same sales channels as Plaintiff's Products.  An image of the Infringing Products is below.

  

10.    On information and belief, during the time that Defendant developed the Infringing Products, Mr. Greg Coverstone was the Development Manager for Defendant. Mr. Coverstone knew about the I AM Mark and Plaintiff's Products when he developed Defendant's Infringing Products. Moreover, Defendant was on notice of Plaintiff's rights in the I AM Mark under 15 U.S.C. § 1702.

11.    The Infringing Products are perfumes which are nearly identical to Plaintiff's Products. An image comparing certain Infringing Products to Plaintiff's Products is shown below.



12.   The Infringing Products are sold through the same sales channels as the Plaintiff's Products, including online retail outlets and brick-and-mortar beauty stores.

13.   Plaintiff did not authorize Defendant's use of the I AM Mark on the Infringing Products.

14.   Defendant's manufacture, marketing, and sale of the Infringing Products is likely to cause confusion among consumers, leading them to believe the falsehood that Plaintiff made, sponsored, or endorsed the Infringing Products.   Indeed, after Defendant's launch of the Infringing Products, Plaintiff received numerous reports from third parties evidencing that they believed that the Infringing Products were made, sponsored, or endorsed by Plaintiff.

15.   Defendant's willful misappropriation of the I AM Mark on identical goods that are sold through identical trade channels is likely to cause significant harm to Plaintiff and the goodwill in Plaintiff's I AM brand.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement, 15 U.S.C. § 1114)

16.   Plaintiff incorporates by reference Paragraphs 1 through 15 above as though fully set forth herein.

17.   Defendant's copying and unauthorized use in commerce of the I AM Mark is likely to cause confusion or mistake, or to deceive consumers by leading them to believe the falsehood that Plaintiff made, sponsored, or endorsed the Infringing Products.

18.   Defendant's copying and unauthorized use of the I AM Mark will cause irreparable injury to Plaintiff, including injury to the goodwill associated with the I AM Mark.

19.   Defendant has infringed Plaintiff's federally registered trademark, and has violated and continues to violate 15 U.S.C. § 1114.

20.   Plaintiff has no adequate remedy at law for these injuries.   Unless Defendant is enjoined from continuing its infringing and unlawful conduct, Plaintiff

5

*COMPLAINT*

1  will continue to suffer harm.  Plaintiff seeks an injunction pursuant to 15 U.S.C. § 1116

2  restraining Defendant from continuing to infringe the I AM Mark.

3      21.    Plaintiff is entitled to recover from Defendant the damages it has and will

4  sustain, and any profits unfairly obtained by Defendant as a result of Defendant's

5  infringement alleged herein.  Plaintiff cannot fully determine the amount of damages

6  and profits at this time, but believes them to be in excess of $2.5 million.

7      22.    Because Defendant's infringement of the I AM Mark is willful, Plaintiff is

8  entitled to treble damages pursuant to 15 U.S.C. § 1117.

9      23.    This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is entitled

10  to its reasonable attorneys' fees and costs.

11              **SECOND CLAIM FOR RELIEF**

12          (Trademark Infringement, 15 U.S.C. § 1125(a))

13      24.    Plaintiff incorporates by reference Paragraphs 1 through 23 above as

14  though fully set forth herein.

15      25.    Defendant's copying and unauthorized use in commerce of the I AM Mark

16  is likely to cause confusion or mistake, or to deceive consumers by  leading them to

17  believe the falsehood that Plaintiff made, sponsored, or endorsed the Infringing

18  Products.

19      26.    Defendant's copying and unauthorized use of the I AM Mark will cause

20  irreparable injury to Plaintiff, including injury to the goodwill associated with the I AM

21  Mark.

22      27.    Defendant has infringed the I AM Mark, and has violated and continues to

23  violate 15 U.S.C. § 1125(a).

24      28.    Plaintiff has no adequate remedy at law for these injuries.   Unless

25  Defendant is enjoined from continuing its infringing and unlawful conduct, Plaintiff

26  will continue to suffer harm.  Plaintiff seeks an injunction pursuant to 15 U.S.C. § 1116

27  restraining Defendant from continuing to infringe the I AM Mark.

28

29.     Plaintiff is entitled to recover from Defendant the damages it has and will sustain, and any profits unfairly obtained by Defendant as a result of Defendant's infringement alleged herein.  Plaintiff cannot fully determine the amount of damages and profits at this time, but believes them to be in excess of $2.5 million.

30.     Because Defendant's infringement of the I AM Mark is willful, Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1117.

31.     This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is entitled to its reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

(Unfair Competition, Cal. Bus. Prof. Code § 17200 *et seq.*)

32.     Plaintiff incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein.

33.     Plaintiff is informed and believes that Defendant directly competes with Plaintiff.

34.     Defendant's willful copying and unauthorized use in commerce of the I AM Mark constitute an unlawful appropriation of Plaintiff's rights in the I AM Mark.

35.     By manufacturing, advertising, and selling the Infringing Products, Defendant is violating Plaintiff's rights.  Such acts constitute unfair competition in violation of California Business & Professions Code § 17200 *et seq.*

36.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury in fact, including damage to Plaintiff's goodwill and consumer confusion between the Infringing Products and Plaintiff's Products.

37.     Defendant's unlawful acts have proximately caused and will continue to cause Plaintiff imminent and irreparable harm, including lost revenue, harm to Plaintiff's goodwill, and consumer confusion.  Plaintiff has no adequate remedy at law for these substantial damages.

38.     Plaintiff is entitled to disgorge Defendant's profits pursuant to Business & Professions Code § 17203.

39.     Plaintiff is further entitled to a preliminary and permanent injunction restraining Defendant from engaging in further unlawful conduct pursuant to Business & Professions Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      That the Court enter judgment Defendant that:

a.      Defendant infringed Plaintiff's rights in Plaintiff's federally registered trademark in violation of 15 U.S.C. § 1114;

b.      Defendant's infringement of 15 U.S.C. § 1114 was willful, making this an exceptional case;

c.      Defendant infringed Plaintiff's rights in the I AM Mark in violation of 15 U.S.C. § 1125(a);

d.      Defendant's infringement of 15 U.S.C. § 1125(a) was willful, making this an exceptional case;

e.      Defendant engaged in unfair competition in violation of California Business & Professions Code § 17200 *et seq.*;

2.      That the Court issue an injunction as follows:

a.      Restricting Defendant and its agents, employees, parents, subsidiaries, successors, and assigns from directly or indirectly manufacturing, advertising, offering to sell, selling, or distributing goods or services with the mark I AM or any mark confusingly similar thereto; and

b.      Requiring Defendant to destroy or delete all packaging, and all advertising and promotional materials, bearing the I AM mark.

3.      That Plaintiff be awarded its actual damages resulting from Defendant's trademark infringement and unfair competition;

4.      That Plaintiff be awarded all profits resulting from Defendant's trademark infringement and unfair competition;

5.      That Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117;

1    6.    That Plaintiff be awarded its reasonable attorneys' fees pursuant to 15

2  U.S.C. § 1117;

3    7.    That Plaintiff be awarded its costs of suit; and

4    8.    For such other or further relief as the Court may deem just and proper.

5

6  DATED: October 19, 2015    THEODORA ORINGHER PC

7

8                    By:  /Amy E. Burke/

9                         David A. Kettel
                          Amy E. Burke
10                        Attorneys for Danica Aromatics, Inc.

11

12            **<u>DEMAND FOR JURY TRIAL</u>**

13    Plaintiff hereby demands a jury trial in connection with this action.

14

15  DATED: October 19, 2015    THEODORA ORINGHER PC

16

17                   By:  /Amy E. Burke/

18                        David A. Kettel
                          Amy E. Burke
19                        Attorneys for Danica Aromatics, Inc.

20

21

22

23

24

25

26

27

28

990073.1/22414.01001                    9

THEODORA ORINGHER
COUNSELORS AT LAW