**MANDATORY CHAMBERS COPY**

*NOTE CHANGES MADE BY THE COURT.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DANICA AROMATICS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILOSOPHY, INC., an Arizona corporation,<br><br>    Defendant. | Case No. 2:15-cv-08191-GHK (AGRx)<br><br>Hon. George H. King<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| PHILOSOPHY, INC., an Arizona corporation,<br><br>    Counter-Claimant,<br><br>    v.<br><br>DANICA AROMATICS, INC., a California corporation<br><br>    Counter-Defendant. | *NOTE CHANGES MADE BY THE COURT.*<br><br>*NOTE CHANGES MADE BY THE COURT.* |

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific

- 1 -

material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

    1.    The following definitions shall apply to the terms in this Protective Order:

        a.    "Supplying Party" means any party in this Action, or any third party who agrees in writing to be bound by this Protective Order, who produces or discloses information in the course of the Action to any Receiving Party, as defined herein.

        b.    "Receiving Party" means any party in this Action, or any third party who agrees in writing to be bound by this Protective Order, who receives any information in the course of the Action from any Supplying Party, as defined herein.

        c.    The designation "CONFIDENTIAL" may be applied by a Supplying Party to any type of information that the Supplying Party believes in good faith constitutes, contains, reveals, or reflects proprietary or confidential financial, business, technical, personnel, or similar information, and material so designated shall be known as "Confidential Information." Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL" unless non-public Confidential Information is contained in the particular version of the material being designated.

        d.    The designation "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be applied by a Supplying Party to any type of information, such as confidential business plans, marketing or sales strategies, license agreements or pricing information, that the Supplying Party believes in good faith would, or might reasonably have a tendency to, cause harm to the business operations of the Supplying Party or provide improper advantage to others if disclosed to the public without the restrictions

set forth in this Protective Order, and material so designated shall be known as "Highly Confidential Information."

   e. "Designated Material" means any Confidential Information and/or Highly Confidential Information.

   f. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a party to the Action or its counsel to serve as an expert witness or a consulting expert in the Action, (2) is not a past or current employee of a party to the Action or a competitor of any party to the Action, and (3) at the time of retention, is not anticipated to become an employee of a party to the Action or a competitor of any party to the Action.

 2. This Protective Order shall govern all documents, the information contained in such documents, and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response, or otherwise supplied by any Supplying Party to any Receiving Party when the same is designated in accordance with the procedures set forth herein.

 3. Any Supplying Party shall have the right to identify and designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" any non-public documents or other materials it produces or provides (whether pursuant to Federal Rules of Civil Procedure 26 and 34, pursuant to subpoena, or by agreement between the Supplying Party and the Receiving Party), or any testimony given in this Action, which testimony or discovery material is believed in good faith by that Supplying Party to constitute, reflect, or disclose confidential and proprietary information warranting such designation.

 4. Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

- 3 -

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

**CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY**

5. A Supplying Party (or its counsel) may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information disclosed at a deposition taken in connection with this Action by:

    a. designating testimony, given by it or its present or former employees, officers, directors, partners, representatives, or any Experts, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 4, above; or

    b. notifying all other parties in writing, within fifteen (15) calendar days of receipt of the transcript of a deposition, given by it or its present or former employees, officers, directors, partners, representatives, or any Experts, of specific pages and lines of the transcript that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"; or

    c. identifying testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employees, officers, directors, partners, representatives, or any experts, and containing Designated Material designated by the Supplying Party.

Each party shall attach a copy of any such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

6. Data produced in electronic form may be designated as Confidential Information or Highly Confidential Information by marking the data storage medium with the appropriate legend set forth in paragraph 4 above. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend on each page. If the Receiving Party prints out electronic data that is Designated Material but

- 4 -

1  that does not contain the appropriate legend on the print-out, the Receiving Party shall
2  affix the appropriate legend to each page of such print-out.
3      7.    Information designated as "CONFIDENTIAL" may be disclosed by the
4  Receiving Party only to the following persons:
5      a.    outside counsel and any in-house attorney for the Receiving Party
6  providing legal advice in connection with the Action; the attorneys, paralegals, and
7  stenographic and clerical employees in the respective law firms of such outside
8  counsel; any in-house attorney of record in the Action; the personnel supplied by any
9  independent contractor (including litigation support service personnel) with whom
10 such attorneys work in connection with the Action;
11     b.    the Receiving Party, in the case of an individual party, and such
12 officers and employees of the Receiving Party, in the case of a corporate party, as
13 outside counsel for that party deems necessary for the sole purpose of assisting in this
14 Action;
15     c.    any Expert who is assisting counsel or a party to the Action to
16 whom it is necessary to disclose Confidential Information for the purpose of assisting
17 in, or consulting with respect to, the preparation of this Action;
18     d.    the Court and any members of its staff to whom it is necessary to
19 disclose Confidential Information for the purpose of assisting the Court in this Action;
20 and
21     e.    stenographic employees and court reporters recording or
22 transcribing testimony relating to the Action.
23     8.    Information designated as "HIGHLY CONFIDENTIAL—ATTORNEYS'
24 EYES ONLY" may be disclosed by the Receiving Party only to the following persons:
25     a.    outside counsel and any in-house attorney for the Receiving Party
26 providing legal advice in connection with the Action; the attorneys, paralegals,
27 assistants, and stenographic and clerical employees in the respective firms engaged as
28 outside counsel or outside consultants or experts; the personnel supplied by any

- 5 -

1  independent contractor (including litigation support service personnel) with whom
2  outside counsel may work in connection with the Action;

3        b.    any Expert who is assisting counsel or a party to the Action to
4  whom it is necessary to disclose Highly Confidential Information for the purpose of
5  assisting in, or consulting with respect to, the preparation of this Action;

6        c.    the Court and any members of its staff to whom it is necessary to
7  disclose Highly Confidential Information for the purpose of assisting the Court with
8  respect to the Action; and

9        d.    stenographic employees and court reporters recording or
10 transcribing testimony relating to the Action.

11     9.    Counsel shall take all reasonable and necessary steps to ensure the security
12 of Designated Material and will limit access to such information only to those persons
13 authorized by the terms of this Protective Order. Designated Material will be kept in
14 the Receiving Party's outside counsel's (or qualified in-house counsel's) possession
15 and/or in the possession of the Receiving Party's outside consultants, experts, and/or
16 other persons entitled to receive copies of such material pursuant to the terms of this
17 Protective Order.

18     10.    Nothing shall prevent disclosure beyond the terms of this Protective Order
19 if the Supplying Party designating the material as "CONFIDENTIAL" or "HIGHLY
20 CONFIDENTIAL—ATTORNEYS' EYES ONLY" (or its counsel) consents in writing
21 to such disclosure, or if the Court, after reasonable written notice to all affected parties,
22 orders such disclosure.

23     11.    In the event any non-party to the Action seeks access from a Receiving
24 Party to Designated Material, that Receiving Party shall: (a) promptly notify the
25 Supplying Party in writing of the non-party's request, and (b) not produce, grant access
26 or otherwise make available any such documents, material or information unless
27 authorized in writing by the Supplying Party or until ordered to do so by a court of
28 competent jurisdiction.

- 6 -

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

12. Prior to the disclosure of any Designated Material to any person authorized under paragraphs 7(a)-(c) or 8(a)-(b) above (other than outside or in-house counsel of record and any in-house attorney that is providing legal advice in connection with the Action), such person shall be provided with a copy of this Protective Order, which he or she shall read before signing a Certification, in the form annexed hereto as <u>Exhibit A</u>, acknowledging that he or she has read this Protective Order and shall abide by its terms. Outside counsel for the party obtaining such signed Certifications shall maintain a file of them and shall make the file available, upon request, for inspection by the Court in camera. Persons who come into contact with Designated Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

13. Any Supplying Party may redesignate under paragraphs 4 or 5 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall (a) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order, (b) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order, and (c) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 7 or 8 above. Disclosure of any Redesignated Material prior to its redesignation shall not be deemed a violation of the provisions of this Protective Order so long as the party that disclosed the Redesignated Material complies with all terms of this paragraph. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or

prevent the Supplying Party from redesignating said document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this paragraph.

14. Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 7 or 8 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the Supplying Party or its counsel. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure, and the reasons and purposes for the disclosure. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or facsimile transmission) within fifteen (15) calendar days of its receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent. Failure so to respond within such fifteen-day period shall constitute consent to the request. If, where consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" unless and until differing treatment is directed pursuant to order of the Court.

15. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by serving a written objection upon the Supplying Party or its counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, electronic mail, or facsimile transmission) to such objection in writing by either: (a) agreeing to remove the designation, or (b) stating the reasons why it made the designation. If the objecting party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the materials in issue, the objecting party shall be free to

move the Court for an Order removing or modifying the disputed designation. The materials in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

16. Nothing in this Protective Order shall bar or otherwise prevent any party's counsel from rendering advice to his or her client(s) with respect to this Action and, in the course thereof, from relying upon his or her examination or knowledge of Designated Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such counsel shall not provide or show copies of any Designated Material produced by another party or non-party herein or disclose the confidential details thereof to any person who is not authorized to receive such information under the provisions of this Protective Order.

17. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Action shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Such redesignation shall be effective only as of the date of such redesignation (and subject to all the other provisions hereof); provided, however, that the Receiving Party shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 7 or 8 above. Notwithstanding the above, a party may retain its copies of such Redesignated Materials during the pendency of any motion challenging the redesignation so long as the motion is made within five (5) business days of receipt of notice of redesignation.

18. A party seeking to file any documents under seal must first obtain leave of the Court and follow the procedures outlined in Local Rule 79-5.2.2.

- 9 -

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

19. Except as agreed in writing by counsel of record, to the extent that any Designated Material is, in whole or in part, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, counsel shall seek to file that submission under seal ~~and that document shall be designated and treated as a "Sealed Document." All Sealed Documents shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise~~ pursuant to Local Rule 79-5. Such Sealed Documents shall be identified on the outside of the sealed envelope with the caption of this action, a general description of the sealed contents, and the following statement:



**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Contents are confidential and are subject to a court-ordered

protective order governing the use and dissemination of such

contents.

~~The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.~~

20. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

21. Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party; alternatively, the Receiving Party may elect to destroy the Designated Material. Notwithstanding the foregoing, outside counsel of record may retain one copy of any document produced, deposition transcript and exhibit, discovery response, attorney work product memorandum or other material, and court-filed document, that constitutes, contains, or incorporates Designated Material. Such retained material shall remain subject to the terms of this Protective Order. At the written request of the

- 10 -

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

Supplying Party, any person or entity having custody or control of Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof (except for the copies that outside counsel of record may retain as stated above) have been delivered or destroyed in accordance with the terms of this Protective Order.

22. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure, and make every effort to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

23. In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 7 or 8 hereof, all parties [other than the court and its personnel] acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

24. ~~The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Action, unless otherwise modified by agreement of the parties or order of the Court.~~ The parties shall be free to use any Designated Material at trial and any appeals related to this Action. Designated material used at trial shall become public absent ~~but shall work together to fashion appropriate measures to limit the disclosure of such~~ a separate court order upon written motion and sufficient cause ~~Designated Materials. The Court shall issue any relief, if necessary, prior to trial or to~~ shown. ~~the hearing in open court upon motion or agreement of the parties.~~

25. Nothing contained in this Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

26. Nothing contained in this Protective Order shall preclude any party from disclosing a document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an individual, including any

- 11 -

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

witness at deposition or trial, who authored or previously received that document in the ordinary course of business.

27. No party shall be bound by this Protective Order as to any information that is: (i) lawfully obtained independently of the Action; or (ii) generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

28. The dismissal of any defendant, the final determination of this Action, or the settlement of this Action shall not relieve any person who has received Designated Material from the obligations imposed by this Agreement, and this Agreement shall remain in full force and effect.

29. Any information obtained by a party through discovery in the Action shall be used by that party or non-party only in connection with the Action and for no other purpose.

30. The terms of this Protective Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

31. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

34. This Protective Order is binding upon the parties to the Action, all signatories to the certification attached as **Exhibit A**, and all others who agree to be so bound, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys. ~~agents, representatives, officers, employees, and others set forth in this Protective Order.~~

IT IS SO ORDERED.

DATED: 3/25/2016

_Alicia G. Rosenberg_
United States District Judge/Magistrate Judge

- 12 -

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

# EXHIBIT A

CASE NO. 2:15-CV-08191 GHK (AGRX)
STIPULATED PROTECTIVE ORDER

|    |    |    |
|----|----|----|
| 1  | UNITED STATES DISTRICT COURT | |
| 2  | CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION | |
| 3  | DANICA AROMATICS, INC., a California corporation, | Case No. 2:15-cv-08191-GHK (AGRx) |
| 4  |  | Hon. George H. King |
| 5  | Plaintiff, |  |
| 6  | v. | **CERTIFICATION OF SUBMISSION TO TERMS OF PROTECTIVE ORDER** |
| 7  | PHILOSOPHY, INC., an Arizona corporation, |  |
| 8  | Defendant. |  |

---

PHILOSOPHY, INC., an Arizona corporation,

Counter-Claimant,

v.

DANICA AROMATICS, INC., a California corporation

Counter-Defendant.

## CERTIFICATION

The undersigned hereby acknowledges that he or she has received and read a copy of the Stipulated Protective Order filed in the above-captioned action on March __, 2016, and that he or she understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of this Court and understands that the Court may impose sanctions for any violation of the Stipulated Protective Order.

Date:_____

_____
Printed Name

_____
Signature